## DANIEL NORRIS *vs.* JONATHAN EATON.

THE posting of the original warrant, instead of a copy, is a valid notice of a town meeting.

THIS was an action of replevin, and was submitted to the court upon the following facts.

The defendant, as a surveyor of highways of the town of Pittsfield, distrained a gelding horse, property of the plaintiff, by virtue of a warrant directed to him by the se-

lectmen of said town, and on account of the neglect of the plaintiff to work out his highway tax after being duly notified.

It was agreed that the taxes were duly assessed, and that the defendant was duly chosen surveyor of highways. The only exception taken was as to the validity of the warning of the town meeting, for the reason that the *original* warrant was posted up, instead of an attested copy ; and it was contended that on this account both the assessment of the tax by the town and the choice of the surveyor, were void. The case was submitted on this statement, and it was agreed that the court might order judgment to be rendered for the defendant for a sum agreed on, in damage for the tax due him and his costs, or for the plaintiff, as the facts might warrant.

*Norris*, for plaintiff.

*Bartlett* and *Merrill*, for defendant.

UPHAM, J. The statute requires the selectmen, or the constable warning a town meeting, " to post up an attested ' copy of the warrant calling the same, fifteen days before ' the day of holding such meeting, and to return the war-' rant at the time and place of holding such meeting, with ' their doings thereon."

The object of the statute seems to have been to give authentic notice to the citizens of the town, of any meeting which might be called, and to provide for the safety of the original warrant. The latter object would undoubtedly be best secured by posting up an attested copy, as the original in such case would remain in the hands of the proper officers, and would not be subject to unnecessary exposure ; but it is not for the plaintiff to complain of any hazard of that kind, in this suit. The only question which it is competent for him to raise in this trial is, whether the posting

Norris
*vs*
Eaton.

up of the original warrant gives to the citizens that authentic notice of the meeting which the statute contemplates.

It is difficult to conceive why the posting up of an original paper, manifestly authentic on the face of it, should not give as perfect notice as any secondary evidence could give. The greater evidence includes the less.

It was decided, in the case of *Eaton* vs. *Miner*, 5 *N. H. R.* 542, that, although the statute directs, on an application to take the poor debtors' oath, that the creditor shall be served with a *copy* of the application and order thereon, it is sufficient if he be served with the *original* application and order. The court say, " the words of the statute are clear 'and plain, that service must be by copy ; yet it is certain 'that the creditor had in effect precisely the same notice 'which he would have had if copies, instead of the origi- 'nals, had been delivered to him. And we are unable to 'find any sound reason why we should hold that the deliv- 'ery of the originals was not due notice, although the stat- 'ute has made copies sufficient. We should suppose that if 'the delivery of copies is due notice, *a fortiori*, the delivery 'of the originals must be." See also 6 *Term Rep.* 534, *The King* vs. *Warley ;* 1 *East*, 13.

It is believed that the posting of the original warrant has been repeatedly holden in this State as constituting a valid notice of a town meeting. We think it a substantial compliance with the design of the statute.

*Judgment for the defendant.*